# UNITED STATES DISTRICT COURT
EASTERN District of NEW YORK, BROOKLYN

UNITED STATES OF AMERICA
V.
LLOYD BEIRNE
(TRUE NAME: Lloyd Sylvester Beirne)

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: 02-CR-681(S-1)-02(JG) and 04-CR-583-01(JG)
USM Number: 67968-053
Defendant's Attorney:
R. Scott Adams, Esq. (405) 232-9100
City Place Building, 204 North Robinson
25th Floor
Oklahoma City, Oklahoma 73102

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. OCT 31 2007 BROOKLYN OFFICE

**Reason for Amendment:**

***Amended to include the restitution order for Count one (1) in 04-CR-583-02(JG).***

**THE DEFENDANT:**
✔ pleaded guilty to count(s)  One, Two and Three of a three-count superceding information (02-CR-681(S-1)) on 6/26/2003 and to count One of a single-count information (04-CR-583) on 9/15/2004.
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Securities Fraud | 6/18/2002 | ONE |
| 15 U.S.C. §§ 78j (b) and 78ff | Securities Fraud–Big City Bagels | 6/18/2002 | TWO |
| 15 U.S.C. §§ 78j (b) and 78ff | Securities Fraud–Pallet | 6/18/2002 | THREE |
| 15 U.S.C. §§ 78q (a) and 78ff(a) | False statements to the Securities and Exchange Commission | 6/18/2002 | ONE |

The defendant is sentenced as provided in pages  2 through 5  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 20, 2007
Date of Imposition of Judgment

s/John Gleeson
Signature of Judge

John Gleeson, U.S.D.J.
Name and Title of Judge

10-25-07
Date

DEFENDANT: LLOYD BEIRNE
CASE NUMBER: 02-CR-681(S-1)-02(JG) and 04-CR-583-01(JG)

# PROBATION

The defendant is hereby sentenced to probation for

__Five (5) years to run concurrently on all the counts.__

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

✔ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
      Sheet 4C — Probation

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT:     LLOYD BEIRNE
CASE NUMBER:   02-CR-681(S-1)-02(JG) and 04-CR-583-01(JG)

Judgment—Page   3   of   5

## ADDITIONAL PROBATION TERMS

– **The defendant must comply with the payment terms of the restitution order and the forfeiture order.**

– **The defendant is to participate in a substance abuse treatment program as directed by the supervising officer.**

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
      Sheet 4C — Probation

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT:     LLOYD BEIRNE
CASE NUMBER:   02-CR-681(S-1)-02(JG) and 04-CR-583-01(JG)

Judgment—Page   3   of   5

DEFENDANT: LLOYD BEIRNE
CASE NUMBER: 02-CR-681(S-1)-02(JG) and 04-CR-583-01(JG)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTAL | $ 400.00 | $ | $ 6,900,000.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Fiserv, Inc. |  | $6,900,000.00 |  |
| **TOTALS** | $ | $ 6,900,000.00 |  |

☐ Restitution amount ordered pursuant to plea _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

☐ the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

---

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: LLOYD BEIRNE
CASE NUMBER: 02-CR-681(S-1)-02(JG) and 04-CR-583-01(JG)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ✔ Lump sum payment of $ __400.00__ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ✔ Special instructions regarding the payment of criminal monetary penalties:

  **The forfeiture money is to be paid as follows:**
  – $50,000.00 is due on or before 7/27/2007.
  – $50,000.00 is due by 7/20/2008.
  – $50,000.00 is due by 7/20/2009.

  **All forfeiture payments are to be in the form of a certified or bank check made payable to: United States Marshal Services, Eastern District of New York. The checks are to be delivered to Assistant United States Attorney Tanya Hill, One Peirrepont Plaza, 15th Floor, Brooklyn, New York 11201.**

  ***Restitution payments are to be made payable to: The Clerk of the Court at 225 Cadman Plaza East, Brooklyn, New York 11201.
  –Restitution is to be paid at 15% of the defendant's net monthly income. ***

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States: